Case 4:24-cv-04837   Document 8   Filed on 12/19/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY ALAN LATNER, TDCJ #02186145, Petitioner, | § § § § | |
| VS. | § | CIVIL ACTION NO. H-24-04837 |
| ERIC GUERRERO,[1] Respondent. | § § § § § | |

## MEMORANDUM AND ORDER

Petitioner Timothy Alan Latner (TDCJ #02186145), an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a federal petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus to challenge his conviction and sentence (Doc. No. 1). Respondent has filed an Answer (Doc. No. 6). Petitioner has not filed a response in opposition, and his time to do so has expired. For the reasons that follow, this petition will be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

---

[1] Bobby Lumpkin was the previous named respondent in this action. Eric Guerrero has succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On March 5, 2018, Petitioner was convicted of two charges of aggravated sexual assault of a child after a jury trial in the 359th District Court of Montgomery County, Texas, in case numbers 15-12-12824 and 15-07-07313, and sentenced to two life sentences. Doc. No. 1 at 1; Doc. No. 7-1 at 106 (Judgment in 15-12-12824), Doc. No. 7-2 at 109 (Judgment in 15-07-7313). His convictions were affirmed on direct appeal on March 4, 2020. *See Latner v. State*, Nos. 9-18-00117-CR & 09-18-00118-CR, 2020 WL 1036446 (Tex. App.—Beaumont March 4, 2020, no pet.). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Doc. No. 1 at 3. Therefore, his convictions became final on April 3, 2020. *See* Tex. R. App. P. 68.2(A).

On July 11, 2024, Petitioner filed a state application for habeas corpus challenging his conviction in case number 15-07-07313, and the Texas Court of Criminal Appeals denied his application without written order on November 6, 2024.[2] *Ex Parte Latner*, No. WR-96,113-01 (Tex. Crim. App. Nov. 4, 2024), at Action Taken Sheet, Doc. No. 7-18. Petitioner filed this federal petition on December 4, 2024. Doc. No. 1 at 16.

Respondent contends that this petition is time-barred and that no exceptional circumstances exist to justify equitable tolling in this case. Petitioner asserts that he is innocent of the offenses.

---

[2] It does not appear that petitioner filed a state application to challenge his other conviction in case number 15-12-12824.

## II. LEGAL STANDARD

Under the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a federal habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III.   DISCUSSION

Because Petitioner challenges his state court convictions, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct review concluded, and his conviction became final for the purposes of federal habeas corpus review on April 3, 2020, when the time to file a petition for discretionary review in the Texas Court of Criminal Appeals expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that a state court conviction becomes final for the purposes of the AEDPA at the conclusion of direct review, *i.e.*, when either (1) the United States Supreme Court rejects a certiorari petition or rules on the merits or (2) time for seeking such review expires); *see also* Tex. R. App. P. 68.2(a) (requiring that a petition for review be filed within 30 days after either the date of the judgment in the court of appeals or the date a timely filed motion for rehearing was overruled). That date triggered the statute of limitations for purposes of federal review, which expired on April 5, 2021, one year later.[3] *See* 28 U.S.C. §2244(d)(1)(A). Petitioner's pending federal habeas corpus petition, filed on December 4, 2024, is outside the limitations period and is therefore time-barred unless an exception applies.

---

[3] April 3, 2021, fell on a Saturday; accordingly, the federal petition was due on April 5, 2021, the following Monday. *See* FED. R. CIV. P. 6.

4 / 9

A.  **Statutory Tolling**

The statute of limitations is tolled for the time during which a properly filed application for habeas corpus or other collateral relief is pending in the state courts. *See* 28 U.S.C. §2244(d)(2). Petitioner's July 11, 2024, state habeas corpus application was filed outside of the limitation period and does not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner does not show any other grounds for statutory tolling, nor does the record disclose any.

B.  **Equitable Tolling**

Equitable tolling is an extraordinary remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A "garden variety claim of excusable neglect" does not support equitable tolling.

*Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). An unawareness of the law, lack of knowledge of filing deadlines, *pro se* status, or lack of legal training are not valid bases for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases).

Petitioner does not assert any grounds for equitable tolling other than to assert that he is innocent. However, Latner does not meet the demanding standard for excusing the limitations period based on actual innocence. A defendant who demonstrates actual innocence of his crime of conviction may be excused for failing to comply with the one-year statute of limitations on federal habeas corpus review. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A habeas petitioner who seeks to overcome a procedural default through a showing of actual innocence must "raise a substantial doubt about his guilt." *Dowhitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

To establish an actual-innocence claim in this context, a habeas petitioner must present "new reliable evidence—whether it by exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A "properly supported" claim of actual innocence requires a showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327; *McQuiggin*, 569 U.S. at 395. The Supreme Court emphasized that the actual innocence exception "applies to a severely confined category" of cases and that the standard set forth in *Schlup* is "demanding." *McQuiggin*, 569 U.S. at 395, 401. "The gateway should open only when a petition presents

'evidence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

Petitioner does not meet the demanding standard articulated in *Schlup* and *McQuiggin* to show that he is actually innocent of the crime of conviction because he submits no new, competent evidence that is probative of his possible innocence, much less "evidence so strong that a court cannot have confidence in the outcome of the trial." *Id.* The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle,* 694 F.2d 1008, 1011–12 and n.2 (5th Cir. 1983); *see Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Petitioner does not meet his burden to establish actual innocence with new reliable evidence as is required under the standard in *McQuiggin* and *Schlup* to excuse his tardiness in filing his federal petition. Accordingly, his petition is barred by the one-year statute of limitations under the AEDPA and must be dismissed.

## IV. **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

V.   **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The pending petition (Doc. No. 1) is **DISMISSED** with prejudice as barred by the one-year statute of limitations.

2. A certificate of appealability is **DENIED**.

3. All other motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this ____19th____ day of December 2025.

                                                  ANDREW S. HANEN
                                             UNITED STATES DISTRICT JUDGE